UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:21-CV-11036-LTS

IMAD EL KHOURY,

    Plaintiff,

v.

CHIEF MICHAEL GOULDING, SERGEANT EFTHIMIOS BOUSIOS, DETECTIVE WILLIAM CARLO, OFFICER NICOLE HOLMES, AND OXANA CUMMINGS,

    Defendants.

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVIT AND PORTIONS OF PLAINTIFF'S RESPONSES TO FACTS AND PLAINTIFF'S ADDITIONAL FACTS CONTAINED IN THE PARTIES' JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS**

**I.  Introduction**

The Defendants,[1] Town of Weston Police Chief Michael Goulding ("Goulding"), Sergeant Efthimios Bousios ("Bousios"), Detective William Carlo ("Carlo"), and Officer Nicole Holmes ("Holmes") (collectively, the "Defendants"), move this Court pursuant to Fed. R. Civ. P. 56(e) and Local Rule 56.1 to strike portions of the Plaintiff's affidavit, portions of the Plaintiff's responses to facts contained in the Parties' Joint Statement of Undisputed Facts ("Joint Statement of Facts"), and portions of the Plaintiff's facts contained in the Parties' Joint Statement of Facts.

---

[1] This memorandum does not address claims asserted against Oxana Cummings, who has not been served in this matter pursuant to Fed. R. Civ. P. 4, and is not represented by counsel for Defendants Goulding, Bousios, Carlo and Holmes.

1

With respect to the Plaintiff's affidavit, in particular, paragraphs 19, 20, 23, 24, and 26 contain inadmissible statements that fail to meet the requirements of Fed. R. Civ. P. 56(c)(4) because they are not based on personal knowledge, contain improper opinions and conclusions, and/or are based on inadmissible speculation. Fed. R. Civ. P. 56(c)(4) requires that an affidavit used to support or oppose summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated." Because paragraphs 19, 20, 23, 24, and 26 fail to comply with Fed. R. Civ. P. 56(c)(4), they should be stricken from the summary judgment record. In addition, paragraphs 28 and 29 of the Plaintiff's affidavit also contain hearsay. Hearsay evidence that would be inadmissible at trial, is also inadmissible for purposes for a summary judgment motion. *See* Fed. R. Civ. P. 56(e); *Garside v. Osco Drug Co.*, 895 F.2d 46, 50 (1st Cir. 1990). Paragraphs 28 and 29 of the Plaintiff's affidavit should therefore be stricken from the summary judgment record as well.

Against that backdrop, portions of the Plaintiff's responses to facts ("Plaintiff's Responses") and Plaintiff's additional facts ("Plaintiff's Facts") contained in the Parties' Joint Statement of Facts that rely upon the inadmissible statements in the Plaintiff's affidavit should be stricken or disregarded. Plaintiff's Responses to paragraphs 6, 8 – 9, 11 – 13, 15, 19, 21 – 23, 28, 31 should therefore be stricken from the summary judgment record. And paragraphs 63 – 65, 76, 103, 125 – 127 and 129 of the Plaintiff's Facts should also be stricken from the summary judgment record.

Additionally, in Plaintiff's Responses, he frequently fails to comply with the requirements of Fed. R. Civ. P. 56(c)(1) and Local Rule 56.1, in that he purports to dispute the Defendants' numbered statements, but then cites to material in the record that fails to establish the existence of

a genuine dispute. As such, Plaintiff's Responses to paragraphs 5, 6, 7, 9, 11, 12, 13, 15, 19, 22, 23, 25, 28, and 31 should be stricken from the summary judgment record.

As for the Plaintiff's Facts, paragraphs 64 – 65, 79, 81, 86, 92 – 93, 96, 103 – 104, 106 – 107, and 126 – 127 are rife with references to allegations that are without adequate evidentiary support and contain inadmissible conclusory statements of opinion, speculation, and hearsay. As such, these portions of Plaintiff's Facts run afoul of both Local Rule 56.1, which requires a party moving for summary judgment to provide a concise statement of material fact of record as to which there is no genuine dispute and Fed. R. Civ. P. 56(c)(1), which requires a party to submit admissible evidence in support of their statement of fact. As will be set forth specifically below, paragraphs 64 – 65, 79, 81, 86, 92 – 93, 96, 103 – 104, 106 – 107, and 126 – 127 should be stricken from the summary judgment record.

Once the offending portions of the Plaintiff's affidavit, Plaintiff's Responses, and Plaintiff's Facts are stricken, Plaintiff will be entirely unable to properly controvert any of the Defendants' Statement of Material Facts as to which no genuine issues exist, and which are all well-supported by competent evidence. Accordingly, the Defendants further request that this Court deem the Defendants' Facts as admitted. *See Stonkus v. City of Brockton Sch. Dep't.*, 322 F.3d 97, 102 (1st Cir. 2003) (holding that the court may deem facts as admitted when the summary judgment opponent fails to properly controvert a supported Local Rule 56.1 Statement); *see also Rodio v. R.J. Reynolds Tobacco Co.*, 416 F. Supp. 2d 224 (D. Mass. 2006) (noting that, under Local Rule 56.1, the trial court has the discretion to deem admitted any supported allegation of fact as to which no competent dispute is made).

**II.   Argument**

   A. <u>Paragraphs 19, 20, 23, 24, 26, 28, and 29 of the Plaintiff's Affidavit Should Be Stricken From the Summary Judgment Record.</u>

Portions of the Plaintiff's Affidavit must be stricken from the summary judgment record because they contain: (1) inadmissible conclusory statements of opinion, speculation, and/or hearsay; and (2) statements not based on personal knowledge.

"[U]nsupported, speculative assertions," and conclusory statements in an affidavit submitted in opposition to summary judgment do not create a genuine or a material fact sufficient to warrant proceeding to trial." *Garmon v. Nat'l R.R. Passenger Corp.*, 844 F.3d 307, 315 (1st Cir. 2016); *see Mendez-Aponte v. Bonilla*, 645 F.3d 60, 68 (1st Cir. 2011) ("agree[ing] with the district court that the plaintiffs' … statement of contested material facts consist[s], in large part, of speculation and conclusory allegations for which the only evidentiary support is Mendez-Aponte's sworn affidavit, which itself contains conclusory allegations"). Likewise, statements that amount to "mere unsupported characterizations," personal opinions, or "subjective belief[s]" do not create a triable issue and are improper. *Garcia-Garcia v. Costco Wholesale Corp.*, 878 F.3d 411, 425 (1st Cir. 2017); *Quinones v. Buick*, 436 F.3d 284, 291 (1st Cir. 2006) ("mere unsupported characterizations" in affidavit "was not evidence creating a triable issue").

A summary judgment affiant must also have personal knowledge for the statements offered. Fed. R. Civ. P. 56(c)(4); *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53 (1st Cir. 2000) ("affidavits submitted in opposition to" summary judgment motions that do not provide "specific factual information made on the basis of personal knowledge … are insufficient"). In addition, "[i]t 'is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted.'" *Garcia-Garcia*, 878 F.3d at 428 (internal citation and brackets omitted).

Applying this well-settled precedent to the Plaintiff's affidavit establishes that paragraphs 19 – 20, 23 – 24, 26, and 28 – 29 should be stricken. To star, in paragraphs 19 and 20 of his

4

affidavit, Plaintiff, in discussing his first phone conversation with Officer Broughton and the content included in her summons report's narrative, alleges that "*such content does not exist anymore in the narrative of Officer Broughton and/or it had been altered significantly.*" These statements and any reference to, or reliance upon, these statements should be stricken because the Plaintiff has not established that he has personal knowledge regarding whether the referenced content was ever originally included in Officer Broughton's narrative. Plaintiff also lacks personal knowledge regarding whether such content was then subsequently removed from Officer Broughton's narrative. Put simply, Plaintiff has not shown that he is competent to testify on whether these specific changes were made to Officer Broughton's narrative, which is required by the terms of Fed. R. Civ. P. 56(c)(4). *See Petricca v. City of Gardner*, 429 F. Supp. 2d 216 (D. Mass. 2006) (statements in affidavit in support of summary judgment not based on personal knowledge are properly stricken from the record). In addition to lacking personal knowledge, these paragraphs of Plaintiff's affidavit contain nothing but unsupported, speculative assertions, and conclusory statements that do not create a genuine or a material fact sufficient to warrant proceeding to trial." *Garmon v. Nat'l R.R. Passenger Corp.*, 844 F.3d 307, 315 (1st Cir. 2016). Accordingly, paragraphs 19 and 20 should be stricken from the Plaintiff's affidavit.

Similarly, in paragraph 23 of his affidavit, in discussing his return to Cummings's home with Officer Holmes on June 2, 2020, the Plaintiff alleges that: "*I felt at that moment that Officer Holmes was going to shoot me*" and "*I am not sure if officer Holmes was pointing her gun at me while I was taking my stuff from the closet, since she was standing behind me.*" These statements must be stricken because the Plaintiff has clearly not established that he has personal knowledge as to whether Officer Holmes was actually pointing her gun at him or whether she was going to shoot him. Rather, the Plaintiff's statements are based entirely on subjective conclusions and

5

speculative opinions, and thus fail to meet the admissibility requirements of Fed. R. Civ. P. 56(c)(4). *See Meuser v. Federal Express Corp.*, 564 F.3d 507, 515 (1st Cir. 2009) ("a party cannot rest on conclusory allegations, improbable inferences [or] unsupported speculation to defeat a motion for summary judgment.") (citations omitted). Accordingly, paragraph 23 should be stricken from the Plaintiff's affidavit.

Paragraphs 24 and 26 of the Plaintiff's affidavit should also be stricken for the same reasons. In paragraph 24, the Plaintiff alleges that "*I believe that the man who was sitting with Oxana Cummings in the kitchen on June 2, 2020 when I was assaulted by officer Nicole Holmes was Weston Police Captain/Operations Commander Thomas Kelly*." Then, in paragraph 26, the Plaintiff alleges "*I believe Officer Altieri was recording me*." The Plaintiff's statements should be stricken because the Plaintiff lacks personal knowledge regarding: (1) the identify of Captain Kelly; and (2) whether Officer Altieri was actually recording him. Moreover, these statements are, again, entirely speculative and constitute improper conclusions, and are therefore inadmissible under Fed. R. Civ. P. 56(c)(4). *See Meuser*, 564 F.3d at 515; *see also Rathbun v. Autozone, Inc.*, 361 F.3d 62, 66 (1st Cir. 2004) ("A properly supported motion for summary judgment cannot be defeated by relying upon improbable inferences, conclusory allegations or rank speculation."). And with respect to paragraph 24, in particular, Captain Kelly has even confirmed that he does not know Cummings and was not the man at her house on June 2, 2020. **Doc. No. 135-34 at ¶¶ 3-5**. In any event, paragraphs 24 and 26 should be stricken from the Plaintiff's affidavit.

Then, in paragraph 28 of the Plaintiff's affidavit, he discusses the conversation he allegedly had with the former Clerk-Magistrate, Stephen Poitrast. Specifically, the Plaintiff alleges that Clerk-Magistrate Poitrast "*replied by saying that Sergeant Bousios did not even speak to the on-call judge*." This statement and all allegations relating to the Plaintiff's alleged conversation with

6

Clerk-Magistrate Poitrast should be stricken from the Plaintiff's affidavit because they constitute inadmissible hearsay and lack the Plaintiff's personal knowledge. As noted above, "[i]t 'is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted.'" *Garcia-Garcia*, 878 F.3d at 428 (internal citation and brackets omitted). Furthermore, Clerk-Magistrate Poitrast has specifically denied having made this statement to the Plaintiff as he has no personal knowledge regarding the issuance of the 209A order or Bousios's conversation with the on-call judge. **Doc. No. 135-33 at ¶¶ 4-5**. Indeed, Bousios and Clerk-Magistrate Poitrast have never even spoken with each other about the 209A order at all. *Id.*; **Doc. No. 135-32 at ¶ 5**. Accordingly, paragraph 28 should be stricken from the Plaintiff's affidavit.

Likewise, paragraph 29 of the Plaintiff's affidavit contains inadmissible hearsay where the Plaintiff alleges "[o]n December 28, 2020 and on December 29, 2020, I was told via emails … by two different employees in Waltham District Court that the docket file for the Abuse Prevention Order does <u>not</u> exist since Judge Ellis had allowed my motion to expunge." Again, hearsay evidence, that would be inadmissible at trial, is also inadmissible for purposes of a summary judgment motion. *See* Fed. R. Civ. P. 56(e); *see also Garside*, 895 F.2d at 50. Thus, paragraph 29 also should be stricken from the Plaintiff's affidavit.

A review of the paragraphs cited above, demonstrates how extensive the impermissible portions of the Plaintiff affidavit truly are. In light of the foregoing, the Defendants request that this Court strike Paragraphs 19 – 20, 23 – 24, 26, and 28 – 29 of the Plaintiff's affidavit from the summary judgment record and disregard any reference to, and reliance upon, such paragraphs in the Plaintiff's Consolidated Cross-Motion and Opposition.

B. <u>Paragraphs 5, 6, 7, 9, 11, 12, 13, 15, 19, 22, 23, 25, 28, and 31 of Plaintiff's Responses to Facts Contained in the Parties' Joint Statement of Facts Should Be Stricken from the Summary Judgment Record.</u>

The Defendants also move this Court to strike the Plaintiff's Responses purporting to dispute the following paragraphs contained in the Parties' Local Rule 56.1 Joint Statement of Facts: Paragraphs 5, 6, 7, 9, 11, 12, 13, 15, 19, 22, 23, 25, 28, and 31. None of these Responses, even if legitimate, create a dispute of fact which would undermine the Defendants' summary judgment arguments. Rather, Plaintiff's Responses are rife with references to allegations that are without adequate evidentiary support and contain inadmissible conclusory statements of opinion, speculation, and hearsay. These portions of the Plaintiff's Responses therefore run afoul of Fed. R. Civ. P. 56(e), which requires a party opposing summary judgment to submit admissible evidence to controvert a moving party's statement of facts. *See Garside*, 895 F.2d at 49-51 (only matters that would be admissible at trial may be considered in opposition to a motion for summary judgment). Plaintiff's Responses should be seen for what they are—an attempt to muddy and complicate the undisputed straightforward factual record which demonstrates that Plaintiff is un unable to prevail on any of his claims.

As a threshold matter, Plaintiff's Responses to paragraphs 6, 8 – 9, 11 – 13, 15, 19, 21 – 23, 28, 31 should be stricken or disregarded because they rely upon inadmissible statements in the Plaintiff's affidavit.

Then, in his Responses to paragraphs 5 – 7 and 25, the Plaintiff discusses or refers to the "substantial alterations" that Bousios allegedly made to the summons report. Yet, these Responses are either accompanied by no citation to the factual record or are accompanied by a citations to exhibits that are unrelated to the content of his Responses. *See Brown v. Armstrong*, 957 F. Supp. 1293 (D. Mass. 1997) (facts not supported as required by Rule 56 are properly disregarded on summary judgment). And because the Plaintiff's Responses to paragraphs 5-7 and 25 amount "mere unsupported characterizations," personal opinions, or "subjective belief[s]," they do not

create a triable issue and are improper. *Garcia-Garcia*, 878 F.3d at 425. Accordingly, Plaintiff's Responses to paragraphs 5 – 7 and 25 should be stricken from the summary judgment record.

Next, the Plaintiff references to and relies upon paragraph 28 of his affidavit in an attempt to dispute paragraphs 9, 11 – 13, 15, 28, and 31. In those paragraphs, the Plaintiff discusses his alleged conversation with Clerk-Magistrate Poitrast and alleges that "Clerk-Magistrate Stephen Poitrast told the plaintiff that Sergeant Bousios did not even speak to the judge on the evening of May 24, 2020." As discussed above, paragraph 28 of the Plaintiff's affidavit, which he cites to in support of these Responses, contains inadmissible hearsay and "[it] is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted." *Hannon v. Beard*, 645 F.3d 45, 49 (1st Cir. 2011). The allowance of the Defendants' Motion to Strike paragraph 28 of the Plaintiff's affidavit would result in the need to strike and disregard any corresponding paragraphs in Plaintiff's Responses that rely upon his inadmissible affidavit statements that contain hearsay. Furthermore, as mentioned above, the affidavits of Clerk-Magistrate Poitrast and Bousios directly contradict the Plaintiff's assertions in these Responses and confirm that: (1) Clerk-Magistrate Poitrast never made this alleged statement to the Plaintiff; and (2) Clerk-Magistrate Poitrast and Bousios never spoke with each other about the issuance of the 209A Order at all. **Doc. No. 135-33 at ¶¶ 4-5**; **Doc. No. 135-32 at ¶ 5**. Accordingly, Plaintiff's Responses to paragraphs 9, 11, 12, 13, 15, 28, and 31 should be stricken from the summary judgment record.

Similarly, in Plaintiff's Responses to paragraphs 19, 22, and 23, the Plaintiff respectively alleges that: "Officer Altieri was recording [him] through his phone when he was picking up his belongings"; Captain Kelly was at Cummings home on June 2, 2020; and "Plaintiff is not sure if Officer Holmes was pointing her gun at him while he was taking his stuff from the closet, since

9

she was standing behind him." Unsurprisingly, Plaintiff solely relies on the unsupported, speculative assertions, and conclusory statements in his affidavit to support these allegations. As stated above, such "unsupported, speculative assertions," … in an affidavit submitted in opposition to summary judgment do not create a genuine or a material fact sufficient to warrant proceeding to trial." *Garmon*, 844 F.3d at 315. Thus, because these assertions merely amount to the Plaintiff's subjective speculation, personal opinions, and characterizations of the evidence, they do not create a triable fact. Furthermore, the allowance of the Defendants' Motion to Strike paragraphs 23, 24, and 26 of the Plaintiff's affidavit also results in the need to strike and disregard Plaintiff's Responses to paragraphs 19 and 22 – 23 since they rely upon these inadmissible affidavit statements. Plaintiff's Responses to paragraphs 19 and 22 – 23 should therefore be stricken from the summary judgment record.

Accordingly, Plaintiff's Responses to paragraphs 5, 6, 7, 9, 11, 12, 13, 15, 19, 22, 23, 25, 28, and 31 should be stricken from the summary judgment record because they either: (1) rely upon inadmissible statements in the Plaintiff's affidavit; (2) are without adequate evidentiary support; or (3) contain inadmissible conclusory statements of opinion, speculation, and hearsay.

C. <u>Paragraphs 63, 64, 65, 79, 81, 86, 92, 93, 96, 103, 104, 106, 107, 126, 127 and 129 of the Plaintiff's Facts Contained in the Parties' Joint Statement of Facts Should Be Stricken from the Summary Judgment Record.</u>

Finally, the Defendants also move this Court to strike the following paragraphs from the Plaintiff's Facts contained in the Parties' Joint Statement of Facts. Paragraphs 63, 64, 65, 79, 81, 86, 92, 93, 96, 103, 104, 106, 107, 126, 127 and 129 should be stricken from the summary judgment records because they either: (1) rely upon inadmissible statements in the Plaintiff's affidavit; (2) are without adequate evidentiary support; (3) contain inadmissible conclusory statements of opinion, speculation, and hearsay; or (4) contain irrelevant and immaterial

information. As such, these portions of Plaintiff's Facts run afoul of both Local Rule 56.1, which requires a party moving for summary judgment to provide a concise statement of material fact of record as to which there is no genuine dispute and Fed. R. Civ. P. 56(c)(1), which requires a party to submit admissible evidence in support of their statement of fact.

To start, the Defendants move to strike paragraphs 63 – 65, 76, 103, 125 – 127 and 129 of the Plaintiff's Facts because they rely upon inadmissible statements in the Plaintiff's affidavit.

Next, the Defendants move to strike paragraphs 79, 81, 87, 92 – 93, 96 (and its accompanying footnote), 126, and 127. As will be set out specifically below, each of these paragraphs contain no adequate citations to the factual record, are based on pure speculation, and regurgitate repeated hearsay.

1. *Paragraph 79*: "Sgt Bousios took the photographic image for the arm of Cummings with a pen pointing to the spot of Cummings' arm that was supposed to document where the apparent minor injury was."

**Defendants' Response**: The document cited by Plaintiff in support of this paragraph does not support the allegations asserted in paragraph 79. Doc. No. 62-1 at 12 and 34. Rather, the Plaintiff's unsupported assertions are based on pure speculation and should therefore be stricken from the summary judgment record.

2. *Paragraph 81*: *"*A technical representative from CentralSquare stated that "The "Record Access Tracking Log" represents the list of adds, changes, or deletes from various screens of the system, both in-house and accessed in the mobile application. The report shows all changes during a given date and time range, who made the changes, when the changes were made, and what computer (Workstation ID) they were using to make the changes."

**Defendants' Response**: As stated above, it is well-settled that hearsay evidence that would be inadmissible at trial cannot be considered on a summary judgment motion. *See* Fed. R. Civ. P. 56(e); *Garside*, 895 F.2d at 46. Paragraph 81 of the Plaintiff's Facts, however, contains inadmissible hearsay, which should therefore be stricken from the summary judgment record.

3. *Paragraph 87*: "The signature of Oxana Cummings on each of the three pages of the Abuse Prevention Order [] that Sergeant Bousios completed are substantially different from one another, and different from Cummings' signature on the two-page affidavit which she authored… All the signatures attributed to Cummings on the three pages of the Abuse Prevention Order that Sergeant Bousios completed with his own handwriting, and on the two pages of her affidavit were affixed using a blue pen. Oxana Cummings authored her 2-page affidavit using a blue pen."

**Defendants' Response**: The Abuse Prevention Order cited by Plaintiff in support of this paragraph is devoid of any evidence that support the facts contained within this paragraph in any way. *See* Doc. No. 83-7. To the extent that the Plaintiff is seeking to allege that Bousios forged Cummings's signature, those assertions are, again, based on the Plaintiff's pure speculation and mere unsupported characterizations of the Abuse Prevention Order. Further, Bousios, under oath, has confirmed that Cummings signed her own signature as indicated on the Abuse Prevention Order. **Doc. No. 135-32 at ¶** 6. Paragraph 87 should therefore be stricken from the record.

4. *Paragraph 92*: "Using a magnifier, the details associated with the digital signature of Weston Police read as follows:

    Digitally signed by Weston Police
    DN: cn=Weston Police, o=Weston Police, ou=Weston Police,
    email: Police@police.westonma.gov, c=US
    Date: 2020.05.24 20.00.46 -04.00

    Where "DN" stands for "Distinguished Name", "cn" for "Common Name", "o" for "Organization", "ou" for organizational unit, and "c" for Country."

**Defendants' Response**: The Plaintiff has made no reference to any supporting admissible evidence in support of the allegations asserted in paragraph 92. Paragraph 92 thus fails to comport to Fed. R. Civ. P. 56(c)(1), which requires a party to submit admissible evidence in support of their statement of Facts. As such, paragraph 92 should be stricken from the record.

5. *Paragraph 93*: "The Digital Signature of Weston Police is placed in the box that is assigned for the signature of the judge. **…**"

**Defendants' Response**: The Abuse Prevention Order cited in support of the first sentence of this paragraph does not support or even address this claim. *See* Doc. No. 83-7. Paragraph 93 should therefore be stricken from the record.

6. *Footnote 10, paragraph 96*: The Audit Report identifies when a document was sent, opened, and signed, as well as the names, email addresses, and unique signing identifiers of the signatories.

**Defendants' Response**: The document cited to in support of this footnote does not support the facts alleged in the footnote 10. *See* Doc. No. 100 at 2. Therefore, footnote 10 should be stricken from the summary judgment record.

7. *Paragraph 96*: "Plaintiff then filed an exhibit … demonstrating that Weston Police can produce the "Audit Report" (along with the signed abuse prevention order) in a matter of few seconds from the Adobe Account for Weston Police."

**Defendants' Response**: The document cited to in support of this claim is based entirely on the Plaintiff's mischaracterization of the evidence. *See* Doc. No. 107. This statement should therefore be stricken from paragraph 96.

8. *Paragraph 103*: "The Plaintiff and Clerk- Magistrate in Waltham District Court Stephen Poitrast had a phone conversation in the afternoon of December 1, 2020 for about 40 minutes. During the conversation, Plaintiff told Mr. Poitrast that the Abuse Prevention Order should not have issued if Sergeant Bousios had actually told the on-call judge that the relationship between Cummings and the plaintiff was a "landlord-tenant" relationship; Mr. Poitrast replied by saying that Sergeant Bousios did not even speak to the on-call judge. Mr. Poitrast also said, among other things, that the plaintiff can say during the "show cause hearing" that Oxana Cummings reported a false crime because she has "issues", but he does not need to say that Weston Police altered the narrative in order not to get into problems with the police who can prosecute him if they want."

**Defendants' Response**: In paragraph 103, the Plaintiff, again, relies solely on his upon the false and unsupported allegations from his affidavit and attempts to pass them off as undisputed facts. Specifically, the Plaintiff relies upon paragraph 28 of his affidavit in support of this paragraph. As mentioned above, paragraph 28 of the Plaintiff's affidavit contains inadmissible hearsay and "[it] is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth

13

of the matter asserted." *Hannon v. Beard*, 645 F.3d 45, 49 (1st Cir. 2011). The allowance of the Defendants' Motion to Strike paragraph 28 of the Plaintiff's affidavit would result in the need to strike and disregard any corresponding paragraphs in Plaintiff's Facts that rely upon his inadmissible affidavit statements that contain hearsay. Furthermore, as noted above, the affidavits of Clerk-Magistrate Poitrast and Bousios directly contradict the Plaintiff's assertions in paragraph 103 and confirm that: (1) Clerk-Magistrate Poitrast never made this alleged statement to the Plaintiff; and (2) Clerk-Magistrate Poitrast and Bousios never spoke with each other about the issuance of the 209A Order at all. **Doc. No. 135-33 at ¶¶ 4-5**; **Doc. No. 135-32 at ¶ 5**. Accordingly, paragraph 103 of the Plaintiff's Facts should be stricken from the summary judgment record.

9. *Paragraph 126*: "Plaintiff later identified the man who was sitting with Oxana Cummings in the kitchen on June 2, 2020 as Captain/Operations Commander Thomas Kelly - Operations Commander."

**Defendants' Response**: Rather than support the proposed facts in paragraph 126 with citations to the factual record, the Plaintiff solely relies upon the false and unsupported allegations from his affidavit in an attempt to pass them off as undisputed facts. Plaintiff's averments that he "identified the man who was sitting with Oxana Cummings in the kitchen on June 2, 2020 as Captain/Operations Commander Thomas Kelly" amounts to nothing more than Plaintiff's pure speculation and subjective beliefs. Moreover, Captain Kelly himself has already confirmed that he does not know Cummings and that he was not at her house on June 2, 2020. **Doc. No. 135-34 at ¶¶ 3-5**. Paragraph 126 should therefore be stricken from the summary judgment record.

10. *Paragraph 127*: "In every time the plaintiff was returning from the car and going back to the room, Captain Thomas Kelly, who was sitting with Cummings, appeared to be watching the plaintiff."

**Defendants' Response**: Again, the Plaintiff solely relies upon the false and unsupported allegations from his affidavit in support of his assertion that Captain Kelly was at Cummings house

on June 2, 2020. Because these false, unsupported assertions amount to nothing more than pure speculation and subjective beliefs, they should be stricken from the summary judgment record.

Finally, the Defendants move to strike paragraphs 104, 106, and 107 because they contain immaterial information. The Court need not consider immaterial information in considering whether to grant summary judgment. *See* Fed. R. Civ. P. 56(e). "A material fact means that a contested issue of fact has the potential to alter the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." *Felix v. Lugas*, 2004 WL 1775996 *3 (D. Mass. 2004). Paragraphs 104, 106, and 107 all relate to the alleged expungement of the 209A order. Not only do these immaterial not relate to any of the elements of the Plaintiff's claims, but he has also failed to produce any of the documents cited in support of these paragraphs during discovery, making it impossible for the Defendant to confirm their authenticity. In any event, paragraphs 104, 106, and 107 should be stricken from the summary judgment record.

Accordingly, paragraphs 63, 64, 65, 79, 81, 86, 92, 93, 96, 103, 104, 106, 107, 126, 127 and 129 should be stricken from the summary judgment records because they either: (1) rely upon inadmissible statements in the Plaintiff's affidavit; (2) are without adequate evidentiary support; (3) contain inadmissible conclusory statements of opinion, speculation, and hearsay; or (4) contain irrelevant and immaterial information.

**III.    Conclusion**

For the reasons set forth above, the Defendants Motion to Strike portions of the Plaintiff's Affidavit, portions of the Plaintiff's Responses to Defendants' Statement of Facts, and portions of the Plaintiff's Statement of Facts should be allowed.

Respectfully submitted,

The Defendants,
CHIEF MICHAEL GOULDING, SERGEANT EFTHIMIOS BOUSIOS, DETECTIVE WILLIAM CARLO, and OFFICER NICOLE HOLMES

By their attorney,

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO# 655934
Francesca M. Papia, BBO# 707582
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
eouellette@bhpklaw.com
fpapia@bhpklaw.com

DATED: July 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO# 655934

DATED: July 14, 2022

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that on July 14, 2022 I attempted to confer with the Plaintiff, Imad El Khoury, by telephone and email pursuant to Local Rule 7.1(A)(2) in an effort to resolve or narrow the issues raised in this motion. I was unable to reach Plaintiff by telephone and Plaintiff did not respond to the email concerning this motion.

/s/ *Evan C. Ouellette*
Evan C. Ouellette, BBO #655934

DATED: July 14, 2022