UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IMAD EL KHOURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 21-cv-11036-LTS |
| | ) | |
| MICHAEL GOULDING et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON PARTIES' MOTIONS TO STRIKE[1]
[Docket Nos. 123, 136, 138]

February 10, 2023

Boal, M.J.

   Pro se plaintiff Imad El Khoury filed suit against Weston Police Department ("WPD") officials Michael Goulding, Efthimios Bousios, William Carlo, and Nicole Holmes in their individual capacities (collectively "the Weston Defendants"), as well as his former landlord, Oxana Cummings, alleging various federal and state law claims arising out of a disagreement with Cummings and his subsequent interactions with the Weston Defendants. Docket No. 1-1.

   In conjunction with the parties' pending cross-motions for summary judgment, both El Khoury and the Weston Defendants have moved to strike various statements of fact and responses, portions of affidavits, and exhibits. Docket Nos. 123, 136, and 138. For the following reasons, I recommend that Judge Sorokin grant in part and deny in part the parties' motions to strike.

---

[1] On March 3, 2022, Judge Sorokin referred this case to the undersigned for full pretrial management and report and recommendations on dispositive motions. Docket No. 93.

1

I.      PROCEDURAL BACKGROUND

On July 21, 2021, El Khoury filed the instant suit. Docket No. 1. Pursuant to 42 U.S.C. § 1983, El Khoury brings, against defendants Bousios and Goulding, a due process claim, a "class of one" equal protection claim, and a conspiracy claim. Docket No. 1-1 at 20-23. El Khoury asserts state law claims for abuse of process and malicious prosecution against defendants Bousios, Goulding, and Carlo for pursuing a criminal complaint for assault and battery against El Khoury. Id. at 23-24. El Khoury asserts a state law claim of assault and also a claim under the Massachusetts Civil Rights Act against defendants Holmes and Goulding for interactions that occurred at Cummings' home when El Khoury returned to retrieve his belongings. Id. at 24-25. Finally, El Khoury asserts a claim for intentional infliction of emotional distress against all defendants based on the totality of the circumstances arising from the above-described events. Id. at 25-26.

On May 6, 2022, the Weston Defendants filed a motion for summary judgment. Docket No. 120. On June 6, 2022, El Khoury filed an opposition to the Weston Defendants' motion and a cross-motion for summary judgment. Docket No. 124. El Khoury also filed a motion to strike one exhibit and one statement of fact ("SOF") filed by the Weston Defendants. Docket No. 123. On June 21, 2022, the Weston Defendants filed an opposition to El Khoury's motion to strike. Docket No. 126. On July 14, 2022, the Weston Defendants filed a reply in connection with their summary judgment motion, as well as an opposition to El Khoury's cross-motion. Docket No. 133. They also moved to strike parts of El Khoury's affidavit and certain submissions regarding the parties' joint SOF. Docket No. 136. On July 25, 2022, El Khoury filed an opposition to the Weston Defendants' motion to strike and a reply in support of his cross-motion for summary judgment. Docket Nos. 139, 140. He also filed a motion to, among other things, strike two exhibits filed by the Weston Defendants. Docket No. 138. On August 2, 2022, the Weston

2

Defendants filed an opposition to El Khoury's motion to strike. Docket No. 142. This Court heard oral argument on November 21, 2022.

II.     ANALYSIS

To determine the scope of the record for purposes of summary judgment, this Court must first consider the parties' motions to strike.

    A.  El Khoury's First Motion To Strike

El Khoury has moved to strike paragraph 31 of the Weston Defendants' statement of facts and Exhibit 13 relating to the same. Docket No. 123. Paragraph 31 states:

> Theresa Gillis McDougall, the Judicial Response Manager for the Office of Court Management for the Trial Court of Massachusetts confirmed for Chief Goulding that Judge Michael Pomarole was serving as the on-call judge in Region A4 which covers the town of Weston on May 24, 2020 and on that date at approximately 7:51 p.m., Judge Pomarole received a call from the Weston Police Department for a G.L. c. 209A Order, which he then issued. Exhibit 13  E-mail correspondence.

Docket No. 134 ¶ 31. Exhibit 13 is comprised of two emails dated August 2 and 4, 2021 from Theresa McDougall to defendant Goulding conveying information about the judge who was on call on May 24, 2020, the evening when the WPD requested and obtained a 209A[2] order against El Khoury. Docket No. 135-13.

As a general matter, only evidence that would be admissible at trial may be considered in connection with a motion for summary judgment. Iorio v. Aramark Servicemaster, No. 03–40147–FDS, 2005 WL 3728715, at *6 (D. Mass. Sept. 30, 2005). In particular, inadmissible hearsay evidence may not be considered on a motion for summary judgment. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990).

"'Hearsay' means a statement that: (1) the declarant does not make while testifying at the

---

[2] This Court uses the terms "209A order," "abuse prevention order," and "restraining order" interchangeably in this report and recommendation.

3

current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A "statement" is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Id. at 801(a). A "declarant" is "the person who made the statement." Id. at 801(b). Statements made outside of trial or a hearing are admissible only if they are not hearsay or satisfy one of the exceptions to the rule against hearsay. See Fed. R. Evid. 802.

The emails at issue contain out-of-court statements made by Theresa Gillis McDougall. Docket No. 135-13. The Weston Defendants appear to offer these statements to prove the matter asserted, namely, that on May 24, 2020, Judge Pomarole was the on-call judge, that he received a call from the WPD, and that in response to that call, he issued a 209A order against El Khoury. Id.; see also Docket No. 142 at 3. The emails, therefore constitute hearsay and must fall within an exception to the hearsay rule to be considered for purposes of summary judgment.

The Weston Defendants do not assert that any particular exception applies. See Docket No. 142. Rather, they argue the emails are cumulative of other undisputed evidence in the summary judgment record, and the substance of the emails is undisputed. Id. at 3. However, even if an email is cumulative of other evidence in the case, that fact does not make admissible otherwise inadmissible evidence. See Ira Green, Inc. v. Mil. Sales & Serv. Co., 775 F.3d 12, 20 (1st Cir. 2014).

Accordingly, this Court recommends that Judge Sorokin grant El Khoury's motion to strike Exhibit 13. This Court will not consider paragraph 31, which relies on Exhibit 13, in its analysis of the summary judgment motions.

B. El Khoury's Second Motion To Strike

El Khoury has moved to strike the Weston Defendants' Exhibits 2 and 5. Docket No. 138. Exhibit 2 is a WPD summons report regarding El Khoury that he claims the Weston

4

Defendants have falsified. Docket No. 135-2. El Khoury has submitted a different version of Exhibit 2 (see Docket No. 141-6) and requests that this Court consider his version instead, to which the Weston Defendants have no objection. Docket No. 142 at 4. This Court therefore recommends that El Khoury's motion to strike Exhibit 2 be denied as moot because, for purposes of summary judgment, this Court will rely on Docket No. 141-6 and/or its equivalent rather than Exhibit 2.[3]

Exhibit 5 is Oxana Cummings' complaint for protection from abuse pursuant to G.L. c. 209A, which El Khoury asserts the Weston Defendants filed to hide evidence. Docket No. 135-5. He states that:

> Defendants filed Exhibit 5 in which the pages of the Complaint do NOT show anymore that the two pages of Cummings Affidavit were authored using a blue pen, whereas Sergeant Bosuios used a black pen to complete the first three pages and a blue pen to sign on behalf of Cummings. The aforementioned is relevant to paragraph 21 in the Plaintiff's Memorandum (see Doc. No. 124 at 9).

Docket No. 138 at 3 (emphasis in original). With respect to the ink color, the Weston Defendants state that the exhibit is a black and white copy of the application for abuse prevention order and supporting forms. Docket No. 142 at 4. To the extent that El Khoury uses the ink color to argue that the exhibit is not authentic, such argument is not persuasive. The 2010 amendments to Rule 56 dispensed with the requirement that documents submitted in support of a summary judgment motion be authenticated. Tsai v. McDonald, No. 15-11676-MBB, 2017 WL 3526252, at *11 (D. Mass. Aug. 16, 2017). Accordingly, this Court recommends that Judge Sorokin deny El Khoury's motion to strike Exhibit 5.

---

[3] The document at Docket No. 141-6 appears to be substantively identical to another document to which El Khoury cites, Docket No. 24-2 at 9-12 (also at Docket No. 135-18 at 9-12). The only difference appears to be a fax stamp on one. El Khoury appears to rely on both documents in his submissions.

C.  The Weston Defendants' Motion To Strike

The Weston Defendants have moved to strike portions of El Khoury's affidavit as well as certain of his facts and responses to facts in the parties' joint statement of undisputed facts. Docket No. 136.

1.  El Khoury's Affidavit

Pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure, the Weston Defendants contend that paragraphs 19, 20, 23, 24, and 26 of El Khoury's affidavit contain inadmissible statements because they: (1) are not based on personal knowledge; (2) contain improper opinions and conclusions; and/or (3) are based on speculation.  Docket No. 136 at 2.  They also argue that paragraphs 28 and 29 of El Khoury's affidavit contain inadmissible hearsay.  Id.

Rule 56(c)(4) provides that an affidavit in support or opposition of a motion for summary judgment to be made "on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  In deciding a motion for summary judgment, "a court may take into account any material that would be admissible or usable at trial . . . [but] inadmissible evidence may not be considered."  Facey v. Dickhaut, 91 F. Supp. 3d 12, 19 (D. Mass. 2014) (quoting Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993)).  "If evidence cannot be presented in a form that would be admissible at trial, the court may not rely on it."  Id. (citations omitted).

A party moving to strike an affidavit must specify both the objectionable portions of the affidavit and also the grounds for objection.  Id. (citations omitted).  A court will disregard only those portions of the affidavit that are inadmissible and consider the rest of it.  Id.

A "party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment."  Id. (citations omitted).  Conversely, "summary judgment is appropriate if the non-

6

moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Vives v. Fajardo, 472 F.3d 19, 21 (1st Cir. 2007) (citation omitted).

      a.   Paragraphs 19 And 20

In paragraphs 19 and 20 of his affidavit, El Khoury describes a telephone conversation with Officer Amanda Broughton of the WPD. Docket No. 124-1 at 7. El Khoury asserts that "such content does not exist anymore in the narrative of Officer Broughton and/or it had been altered significantly." Id. ¶ 19. El Khoury further asserts that

> [w]ith the exception of the above-statements/content that are referred to in Statement No. 19 and that do not exist anymore in the narrative of Officer Broughton or were altered significantly, all other details that had been exchanged between Officer Broughton and me over the phone were still included in the narrative of Officer Broughton.

Id. ¶ 20 (emphasis in original).

The Weston Defendants argue that El Khoury has not shown that he has personal knowledge as to whether the subject "content" was ever included and then removed from Officer Broughton's narrative. Docket No. 136 at 5. El Khoury offers nothing, either in his opposition or in the affidavit itself, to show a basis for this statement. Accordingly, this Court recommends that Judge Sorokin grant in part and deny in part the Weston Defendants' motion to strike paragraphs 19 and 20[4] from El Khoury's affidavit.[5]

---

[4] The Weston Defendants move to strike the entirety of paragraphs 19 and 20. See, e.g., 136 at 4, 7. It appears, however, that striking only the language quoted above is more appropriately consistent with the Weston Defendants' argument.

[5] Specifically, this Court recommends that Judge Sorokin strike the following language from paragraph 19: "and such content does not exist anymore in the narrative of Officer Broughton and/or it had been altered significantly." This Court also recommends that Judge Sorokin strike the following language in paragraph 20: "[w]ith the exception of the above-statements/content that are referred to in Statement No. 19 and that do not exist anymore in the narrative of Officer Broughton or were altered significantly".

b. Paragraph 23

In paragraph 23, El Khoury states that Officer Nicole Holmes of the WPD accompanied him to Oxana Cumming's home to remove his belongings. The Weston Defendants move to strike two sentences from paragraph 23: (1) "I am not sure if officer Holmes was pointing her gun at me while I was taking my stuff from the closet, since she was standing behind me"; and (2) "I felt at that moment that Officer Holmes was going to shoot me." Docket No. 124-1 at 9-10 ¶ 23.

Both statements simply reflect El Khoury's own beliefs and feelings at that time. Accordingly, this Court recommends that Judge Sorokin deny this portion of the Weston Defendants' motion to strike.

c. Paragraphs 24 And 26

The Weston Defendants move to strike the following statements by El Khoury in paragraphs 24 and 26:

> I believe that the man who was sitting with Oxana Cummings in the kitchen on June 2, 2020 when I was assaulted by officer Nicole Holmes was Weston Police Captain/Operations Commander Thomas Kelly. I was able to identify Captain Kelly when I was later surfing photos for members of Weston Police on the Face book page of the Town of Weston.

Docket No. 124-1 at 10 ¶ 24. El Khoury's belief that the man was Officer Kelly is based on social media research. He, however, has failed to provide any supporting documentation and therefore offers nothing other than his own say so in this regard. El Khoury's personal belief alone does not establish that the man was, in fact, Captain Thomas Kelly.

During that same incident, El Khoury states that "I believe Officer Altieri was recording me." Id. at 11 ¶ 26. El Khoury does not state that Altieri was actually recording him, only that El Khoury believed he was.

Accordingly, this Court recommends that Judge Sorokin (1) grant the Weston

8

Defendants' motion as to paragraph 24 and (2) deny the Weston Defendants' motion as to paragraph 26.

### d. Paragraphs 28 And 29

In paragraph 28, El Khoury describes a December 1, 2020 phone call with Stephen Poitrast, a Clerk-Magistrate for the Waltham District Court. Id. at 12 ¶ 28. El Khoury states that

> Mr. Poitrast replied by saying that Sergeant Bousios did not even speak to the on-call judge. Mr. Poitrast also added, among other things, that I can say during the "show cause hearing" that Oxana Cummings reported a false crime because she has "issues", but I don't need to say that Weston Police altered the narrative; otherwise, I would get into problems with the police who can prosecute me if they want.

Id. (emphasis in original). El Khoury offers this out-of-court statement to show the truth of the matter asserted, namely, among other things, that Poitrast told him that Bousios did not speak with the on-call judge. The statement is therefore hearsay. It does not appear to fall into any exception. This Court therefore recommends that the Weston Defendants' motion to strike paragraph 28 be granted.

In paragraph 29, El Khoury states that "[o]n December 28, 2020 and on December 29, 2020, I was told via emails (Exhibit 24) by two different employees in Waltham District Court that the docket file for the Abuse Prevention Order does not exist anymore since Judge Ellis had allowed my motion to expunge." Id. ¶ 29 (emphasis in original). El Khoury offers these out-of-court statements for the truth of the matter asserted, namely that the file does not exist anymore. The statements are therefore hearsay and do not fall into any of the hearsay exceptions.

Accordingly, this Court recommends that Judge Sorokin strike the language quoted above from paragraph 29.

### 2. El Khoury's Statements Of Uncontested Facts And Responses

The Weston Defendants move to strike numerous paragraphs from El Khoury's statement of material uncontested facts, as well as his responses, because they: (1) rely upon inadmissible

9

statements in El Khoury's affidavit; (2) are without adequate evidentiary support; (3) contain inadmissible conclusory statements of opinion, speculation, and hearsay; (4) contain irrelevant and immaterial; and/or (5) fail to cite to material in the record that establishes the existence of a genuine dispute.[6]  Docket No. 136 at 8, 10-11.[7]

Local Rule 56.1 requires a party supporting or opposing a motion for summary judgement to "include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation."  L.R. 56.1; see also Foley v. Yacht Mgmt. Grp., Inc., No. CIV.A. 09-11280-DJC, 2011 WL 4020835, at *3 (D. Mass. Sept. 9, 2011) ("[W]hen parties ignore the Local Rules, they do so at their own peril.") (citing Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 6–7 (1st Cir. 2007)).  A party asserting that a fact is genuinely disputed must support the assertion by citing to particular parts of materials in the record.  See Fed. R. Civ. P. 56(c)(1)(A).  When a party moving for or opposing summary judgment does not comply with Local Rule 56.1,  the district court may treat the moving party's statement of facts as uncontested.  Foley, 2011 WL 4020835, at *3 (citations omitted).

I will address the remainder of the Weston Defendants' motion to strike in the Facts section below.  To the extent that the motion to strike with respect to a particular statement of

---

[6] The Weston Defendants move to strike paragraphs 63–65, 76, 103, 126, 127, and 129 of El Khoury's SOFs and his responses to paragraphs 5-7, 9, 11-13, 15, 19, 21-23, 25, 28, and 31 because they rely on inadmissible statements from El Khoury's affidavit. Docket No. 136 at 8, 11.  To the extent that El Khoury's SOFs rely on portions of his affidavit that this Court has recommended Judge Sorokin strike, the facts are unsupported and are acknowledged as such in this Court's analysis of the parties' cross-motions for summary judgment.

[7] The Weston Defendants include El Khoury's response to paragraph 8 and his SOF paragraph 125 in their requests to strike. Docket No. 136 at 2, 8, 11.  Those inclusions appear to be typographical errors.  The Weston Defendants do not address those particular paragraphs in their substantive argument.  See id. at 8-10, 13-14.  Indeed, they admit to the contents of El Khoury's SOF at paragraph 125.  The motion is therefore denied with respect to the response to paragraphs 8 and paragraph 125.

fact or response is not addressed, that is because the statement was not material to my analysis.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, as well as the reasons included in my report and recommendation on the parties' cross-motions for summary judgment, I recommend that Judge Sorokin grant in part and deny in part the parties' motions to strike.

### IV. <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. <u>See</u> Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. <u>See</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge