UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IMAD EL KHOURY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Civil No. 21-11036-LTS |
| MICHAEL GOULDING et al., | ) ) ) |
| Defendants. | ) ) |

ORDER ON MAGISTRATE JUDGE
BOAL'S REPORTS AND RECOMMENDATIONS
(DOC. NOS. 153, 154), PLAINTIFF'S MOTIONS TO
STRIKE (DOC. NOS. 123, 138), DEFENDANTS' MOTION TO
STRIKE (DOC. NO. 136), DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(DOC. NO. 120), PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
(DOC. NO. 124), AND PLAINTIFF'S MOTION FOR RECUSAL (DOC. NO. 155)

February 28, 2023

SOROKIN, J.

Pending before the Court are Magistrate Judge Boal's Report and Recommendation (Doc. No. 153)[1] on the parties' separate Motions to Strike (Doc. Nos. 123, 138 for Plaintiff El Khoury and Doc. No. 136 for the Weston Police Department defendants, who are officials Michael Goulding, Efthimios Bousios, William Carlo, and Nicole Holmes)[2] and Judge Boal's Report and Recommendation (Doc. No. 154) on the parties' Cross-Motions for Summary Judgment (Doc. No. 124 for El Khoury and Doc. No. 120 for the Weston Police Department defendants). El Khoury filed timely objections to both Reports and Recommendations in the

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.
[2] The only other defendant named in this case is Oxana Cummings, and she has not appeared in the case.

form of one consolidated objection (Doc. No. 156).  Before turning to the Court's de novo resolution of the various motions with consideration of the Reports and Recommendations, the Court first addresses El Khoury's Motion for Recusal (Doc. No. 155).

In his recusal motion, El Khoury requests that the undersigned recuse and contests the impartiality of Magistrate Judge Boal.  Id.  El Khoury asserts that the bias and partiality of both Magistrate Judge Boal and the undersigned have emboldened or exacerbated abusive litigation tactics by the defendants.  Id.  Supporting the Motion for Recusal is a December 7, 2022 letter El Khoury wrote to the Court raising many of these same issues.  Doc. No. 149.  The Court has reflected on the issues raised and examined the serious charges made against the undersigned and Magistrate Judge Boal, and the Court concludes nothing in the record supports bias, partiality, or recusal.  Two brief points warrant mention.  First, the Court appropriately considered a bifurcated adjudication at the outset of the case as a possible mechanism of efficient adjudication and respect for principles of federalism.  Second, Judge Boal's resolution of a routine motion to extend time in a matter of minutes reflects admirable efficiency and not, as El Khoury suggests, see Doc. No. 149 at 3–4, unfair differential treatment of the parties' motions.  In ruling on the Motion to Amend that El Khoury references, id. at 4, Judge Boal wisely took time to await an opposition and to thoughtfully evaluate the substantive motion before issuing a five-page order, Doc. No. 152.  The differential treatment of the two motions arises from her sensible treatment of different types of motions differently.  Accordingly, the Motion for Recusal (Doc. No. 155) is DENIED.

Turning to the other pending motions, after de novo review of the entire record before the Court on the pending motions, the Court (1) ADOPTS both Reports and Recommendations of Magistrate Judge Boal (Doc. Nos. 153, 154); (2) ALLOWS El Khoury's first Motion to Strike

(Doc. No. 123); (3) DENIES El Khoury's second Motion to Strike (Doc. No. 138); (4) ALLOWS IN PART AND DENIES IN PART Defendants' Motion to Strike (Doc. No. 136) as explained in Magistrate Judge Boal's Reports and Recommendations on the Motions to Strike and Cross-Motions for Summary Judgment; (5) DENIES El Khoury's Cross-Motion for Summary Judgment (Doc. No. 124); and (6) ALLOWS Defendants' Motion for Summary Judgment (Doc. No. 120) for the reasons carefully and correctly explained in Magistrate Judge Boal's precise Report and Recommendation (Doc. No. 154). A final judgment will issue after resolution of the outstanding claims against Defendant Cummings.

                                      SO ORDERED.

                                    /s/ Leo T. Sorokin
                                   Leo T. Sorokin
                                   United States District Judge